**Luke BROWN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 96121.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 22, 2011.

Brocca Smith, St. Louis, MO, for Appellant.

Chris Koster, Atty. Gen., Shaun Mackelprang, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Judge.

Luke Brown ("Movant") appeals from the motion court's denial of his Rule 29.15 motion for post-conviction relief after an evidentiary hearing. This Court affirmed Movant's convictions, following a jury trial, for murder in the first degree, in violation of Section 565.020, RSMo 2000,[1] and armed criminal action, in violation of Section 571.015, in Movant's direct appeal. *State v. Brown*, 281 S.W.3d 850, 851 (Mo.App. E.D.2009). We affirm.

## I. BACKGROUND

On the evening of August 1, 2006, 24-year-old Movant was drinking at a bar with friends. He exposed himself through the open zipper of his pants, inviting several people to touch him. An older patron at the bar advanced toward Movant, but Movant pushed him away and made it clear he wanted nothing to do with the older man. During the early hours of August 2, 2006, everyone left the bar.

Later that morning, the older man ("Victim") was discovered in an alley with twenty-nine stab wounds on his upper torso. Ten of the wounds were to Victim's head and face, with two wounds going into each eye socket and a cut that sliced Victim's throat down to his spine. An anonymous caller told police that Movant had picked up an individual and stabbed him. Following arrest, Movant waived his *Miranda*[2] rights and gave the police an oral statement, explaining that while giving the man

---

1. All subsequent statutory references are to RSMo 2000, unless otherwise indicated.

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

a ride, the man made sexual advances toward Movant and Movant stabbed him. Police found a knife buried in Movant's yard. Movant testified in his own defense at trial, claiming that Victim had made advances toward him and Movant only defended himself.

The trial court submitted jury instructions on self-defense, first-degree murder, second-degree murder, voluntary manslaughter, and armed criminal action. The jury convicted Movant of first-degree murder and armed criminal action. The trial court sentenced Movant to a term of life imprisonment without the possibility of parole on the murder conviction, and twenty-five years' imprisonment on the armed criminal action conviction, to be served consecutively.

On direct appeal, Movant argued, *inter alia*, that the State of Missouri ("State") failed to sufficiently prove its case against Movant based on Movant's panicked, fearful state of mind when he stabbed his victim in self-defense. This Court denied Movant's appeal and affirmed the trial court's judgment. *Id.*

In this Court's memorandum, we noted that Movant did not dispute that he stabbed his victim and the stab wounds ultimately caused Victim's demise. We found the record clear that

> the altercation between [Movant] and the victim ceased when [Movant] was able to break the victim's grip by stabbing him once and get out of the car. Rather than letting this conclude the confrontation, [Movant] walked around the car, opened the door, dragged the victim from the car, then inflicted twenty-eight additional stab wounds to the victim, rather than leaving the scene or seeking help.

Movant also filed a motion for postconviction relief pursuant to Rule 29.15, arguing that trial counsel was ineffective for "failing to convey the State's plea bargain offer to defendant" and for "failing to convey the weakness of Movant's case to establish self-defense as a plausible" defense at trial. During an evidentiary hearing, Movant's trial counsel ("Trial Counsel") testified that he talked to Movant about the plea offer from the State, which was for a life sentence plus a term of years. Trial Counsel did not think Movant was interested in the plea offer. Trial Counsel testified that he explained that a conviction for first-degree murder would carry a sentence of life without probation or parole. He did not recall Movant ever indicating that he wanted to plead guilty because "[h]e didn't want to plead guilty to that amount of time."

Trial Counsel said that he explained the principles of self-defense to Movant, and thought the case was a defensible case even though it involved multiple stab wounds. Trial Counsel explained that a person can continue to use deadly force as long as the other person was still a threat. Trial Counsel testified that self-defense was the only possible theory of defense for Movant to assert at trial.

Movant also testified during the evidentiary hearing. He stated that he was not aware of any plea offer before trial, and that he believed going to trial was the only option. Movant testified that he talked to counsel about self-defense about a month before trial, and that Trial Counsel explained the legal requirements for self-defense. Movant stated that had Trial Counsel told him, "you don't have a good case for self-defense," it would have "changed [his] opinion." Movant further testified that had Trial Counsel told him, "I don't think you're going to win on a self-defense claim, the evidence just doesn't support it," then Movant would not have proceeded to trial. Movant said he would have accepted the plea offer.

The motion court denied Movant's post-conviction motion. The motion court found Trial Counsel's testimony credible and concluded that Trial Counsel told Movant about the State's plea offer, but Movant did not want to plead guilty to the amount of time offered. The motion court found that Trial Counsel adequately discussed self-defense with Movant and that Movant's claim that he would have pled guilty was not credible.

This appeal follows.

## II. DISCUSSION

In his sole point on appeal, Movant alleges the motion court clearly erred when it denied his post-conviction claim that Movant's trial counsel failed to advise him that his self-defense claim was not reasonable and proceeding to trial was not advisable. Movant argues that Trial Counsel failed to meet the standard of a reasonably competent attorney under similar circumstances, and the motion court's findings leave a definite and firm impression that a mistake has been made. We disagree.

This court's review of the denial of a motion for post-conviction relief is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k); *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005). We presume the motion court's findings are correct. *Hurst v. State*, 301 S.W.3d 112, 116 (Mo.App. E.D.2010). Such findings and conclusions are clearly erroneous only if a review of the entire record leaves this Court with a definite and firm impression that a mistake has been made. *Id.* "At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness, including that of the Movant." *Id.* at 117.

Rule 29.15 sets forth the procedure for litigating claims of ineffective assistance of counsel where the defendant has been convicted of a felony. *Williams*, 168 S.W.3d at 439. There are two components to a claim of ineffective assistance of counsel. First, a movant must show that counsel's performance "did not conform to the degree of skill, care, and diligence of a reasonably competent attorney." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). There is a presumption that counsel acted professionally and that any challenged action was part of counsel's sound trial strategy. *Id.* Second, if the movant establishes that counsel's performance was not reasonably competent, then the movant must demonstrate that he or she was prejudiced by counsel's performance. *Id.* To demonstrate prejudice, a movant must show that, but for counsel's poor performance, there is a reasonable probability that the outcome of the court proceeding would have been different. *Id.*

Movant testified at trial that Victim made sexual advances toward him, and Movant stabbed Victim in self-defense. The trial court instructed the jury on the issue of self-defense. The jury refused to believe Movant's defense and convicted Movant of first-degree murder and armed criminal action. On appeal, Movant again argued his theory of self-defense in that the State failed to sufficiently prove its case against Movant based on Movant's panicked, fearful state of mind when he stabbed his victim. Again, Movant's theory of self-defense failed.

Now, after several failed efforts at a self-defense argument, Movant not only abandons self-defense, but attempts to blame Trial Counsel for its demise. During Movant's post-conviction evidentiary hearing, however, Trial Counsel testified

that the case was defensible even though it involved multiple stab wounds. Trial Counsel explained that a person can continue to use deadly force as long as the other person was still a threat. Trial Counsel further testified that Movant did not want to plead guilty to the amount of time that the State was offering, and the motion court found Trial Counsel's testimony credible. The best possible theory of defense, in Trial Counsel's opinion, was self-defense, which he argued vigorously at trial.

No evidence appears in the record to suggest that Trial Counsel believed Movant's self-defense claim was hopeless or unreasonable and that Trial Counsel should have persuaded Movant that a trial was not advisable. To the contrary, Movant's direct appeal again argued the self-defense theory to correspond with Movant's testimony at trial. Moreover, Trial Counsel testified credibly that Movant did not want to plead guilty. Thus, Trial Counsel proceeded to defend Movant at trial on the best possible defense theory. Because Movant's defense was disbelieved by the jury, and similarly so, by this Court on appeal, Movant does not now have a claim of ineffective assistance of counsel. "Reasonable choices of trial strategy, no matter how ill fated they appeal in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Clayton v. State,* 63 S.W.3d 201, 206 (Mo. Banc 2001).

Trial Counsel's actions in proceeding to defend Movant at trial under a theory of self-defense did not fall below an objective standard of reasonableness. We find that Trial Counsel's conduct here conformed to the degree of skill, care, and diligence of a reasonably competent attorney. *Williams,* 168 S.W.3d at 439. Thus, Movant could not be prejudiced. Movant's point is denied.

## III. CONCLUSION

The judgment of the motion court is affirmed pursuant to Rule 84.16(b).

CLIFFORD H. AHRENS, P.J., and GARY M. GAERTNER, JR., J., concur.