James Wesley EDDY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 64330.

Missouri Court of Appeals,
Western District.

Nov. 22, 2005.

Margaret M. Johnston, Assistant State Public Defender, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shawn L. Naccarato, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before: EDWIN H. SMITH, C.J., and ULRICH and SMART, JJ.

EDWIN H. SMITH, Chief Judge.

James W. Eddy appeals from the order of the circuit court overruling his Rule 24.035 [1] motion for post-conviction relief, without an evidentiary hearing. The appellant pled guilty in the Circuit Court of Sullivan County, Missouri, to possession of drug paraphernalia, in violation of § 195.233,[2] and was sentenced to five years imprisonment in the Missouri Department of Corrections.

The appellant raises one point on appeal. He claims that the motion court clearly erred in overruling his Rule 24.035 motion, without granting an evidentiary hearing, because he alleged facts, not conclusions, in his motion, which were not refuted by

---

1. All rule references are to the Missouri Rules of Criminal Procedure, 2004, unless otherwise indicated.

2. All statutory references are to RSMo, 2000, unless otherwise indicated.

the record, and which, if true, would establish that he received ineffective assistance of counsel as a result of his trial counsel's failing to file a motion to suppress the items of drug paraphernalia that were seized (pseudoephedrine pills, blender, and muriatic acid), rendering his plea of guilty involuntary.

We affirm.

### Facts

On October 3, 2001, the appellant was charged in the Circuit Court of Sullivan County, by Information, in Count I, with the class D felony of possession of drug paraphernalia with intent to use, in violation of § 195.233, and alternatively, in Count II, with the class D felony of possession of pseudoephedrine with intent to manufacture methamphetamine, in violation of § 195.246. The State alleged in Count I that "on or about June 2, 2001, in the County of Sullivan, State of Missouri, the Defendant possessed pseudoephedrine, muriatic acid and a blender, which were drug paraphernalia, knowing of their presence and illegal nature, with intent to use them to manufacture methamphetamine." In Count II, the State alleged that "on or about June 2, 2001, in the County of Sullivan, State of Missouri, the Defendant, with intent to manufacture methamphetamine knowingly possessed pseudoephedrine."

On October 29, 2001, the appellant pled guilty to Count I, pursuant to a plea agreement. Count II was dismissed. The appellant's plea was accepted, and he was sentenced, on October 29, 2001, to five years imprisonment in the Missouri Department of Corrections. In accepting the appellant's plea, the plea court, in accordance with Rule 24.02(c), determined that his plea of guilty was "voluntary and not the result of force or threats or of promises apart from a plea agreement." In that regard, the plea court inquired, specifically, whether he understood that by pleading guilty he was waiving his right to appeal and his right to challenge the legality of his arrest, and the legality of the search that led to the discovery of the drug paraphernalia and its seizure. He said that he understood.

The appellant waived a presentence investigation and was sentenced, on the day of his plea, to five years in the Missouri Department of Corrections. After being sentenced, the plea court, in accordance with Rule 29.07(b)(4), advised him of his right to proceed under Rule 24.035 and examined him as to the assistance of counsel he received. The appellant stated, under oath, that he was satisfied with his trial counsel's performance. The plea court determined that probable cause did not exist to believe that the appellant had received ineffective assistance of counsel.

On January 29, 2002, the appellant filed a timely *pro se* motion to vacate, set aside, or correct the judgment or sentence, pursuant to Rule 24.035. The appellant filed an amended *pro se* motion on February 4, 2002, alleging, *inter alia*, that he received ineffective assistance of trial counsel in that his attorney failed to investigate and file a motion to suppress the search that led to the discovery of the drug paraphernalia and its seizure.

Motion counsel was appointed for the appellant on February 6, 2002. On August 22, 2002, counsel waived the filing of an amended motion, as authorized by Rule 24.035(e), and filed a motion to withdraw as counsel, which motion was overruled on December 16, 2002. On reconsideration, on November 26, 2003, the motion court granted counsel's motion to withdraw. On January 25, 2004, the motion court entered its findings of fact and conclusions of law, and order overruling the appellant's Rule 24.035 motion, without an evidentiary

hearing. On March 6, 2004, the motion court entered a "corrected" order.

This appeal follows.

## Standard of Review

■ Our review of the denial of a Rule 24.035 motion is limited to a determination of whether the motion court's findings of fact and conclusions of law were clearly erroneous. Rule 24.035(k); *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. *banc* 2004). Findings and conclusions are clearly erroneous only if, after review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Id.*

## I.

■ In his sole point on appeal, the appellant claims that the motion court clearly erred in overruling his Rule 24.035 motion, without granting an evidentiary hearing, because he alleged facts, not conclusions, in his motion, which were not refuted by the record, and which, if true, would establish that he received ineffective assistance of counsel as a result of his trial counsel's failing to file a motion to suppress a bag of pseudoephedrine pills, a blender, and a gallon of muriatic acid, rendering his plea of guilty involuntary. Specifically, he claims, in his brief, that his trial counsel should have filed a motion to suppress the drug paraphernalia in that the police lacked probable cause to search his person and his motor vehicle, from which the items were seized.

■ In order to prevail on a claim of ineffective assistance of counsel, a movant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), requiring proof by a preponderance of the evidence that: (1) movant's counsel failed to exercise the customary skill, care, and diligence that a reasonably

competent attorney would perform under similar circumstances; and (2) the movant was prejudiced thereby. *State v. Hall*, 982 S.W.2d 675, 680 (Mo. *banc* 1998). If either the performance or the prejudice prong of the test is not met, then we need not consider the other, and the movant's claim of ineffective assistance of counsel must fail. *State v. Nunley*, 980 S.W.2d 290, 292 (Mo. *banc* 1998) (*cert. denied*, 526 U.S. 1100, 119 S.Ct. 1580, 143 L.Ed.2d 674 (1999)).

■ To satisfy the performance prong of the *Strickland* test, the movant must overcome the presumptions that "the challenged action [of counsel] was sound trial strategy," and that counsel "rendered adequate assistance" and "made all significant decisions in the exercise of reasonable professional judgment." *Id.* As to the prejudice prong, where a movant has pled guilty, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Coates v. State*, 939 S.W.2d 912, 914 (Mo. *banc* 1997). To satisfy the prejudice prong in the context of a guilty plea, a movant "must show a reasonable probability that, but for counsel's unprofessional errors, [he] would not have pled guilty and would instead have insisted upon going to trial." *Nunley*, 980 S.W.2d at 292. Thus, "once a plea of guilty has been entered, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea." *Redeemer v. State*, 979 S.W.2d 565, 569 (Mo.App. 1998) (*quoting Roland v. State*, 824 S.W.2d 526, 529 (Mo.App.1992)). Absent an abuse of discretion, we will defer to the trial court's determination that the appellant's guilty plea was voluntary. *Wolf v. State*, 790 S.W.2d 261, 262 (Mo.App.1990).

■ The motion court is not required to hold an evidentiary hearing on a motion

for post-conviction relief in all circumstances. If the motion court determines that "the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held." Rule 24.035(h). Thus, to be entitled to an evidentiary hearing on a Rule 24.035 motion: (1) the movant must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not conclusively refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. Rule 24.035(h); *Peiffer v. State,* 88 S.W.3d 439, 445 (Mo. *banc* 2002); *State v. Driver,* 912 S.W.2d 52, 55 (Mo. *banc* 1995). Given this standard for entitlement to an evidentiary hearing and the *Strickland* test for determining ineffective assistance of counsel, to be entitled to an evidentiary hearing on his claim of ineffective assistance of counsel, the appellant was required to allege, in his motion, facts, not conclusions, which were not refuted by the files and records in the case, demonstrating that in failing to file a motion to suppress the pills, the blender, and the acid, his trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that there was a reasonable probability that, absent this failure, he would not have pled guilty, but would have proceeded to trial.

■ Counsel will not be found to be ineffective for failing to investigate and file a meritless motion to suppress. *State v. Hunter,* 840 S.W.2d 850, 870 (Mo. *banc* 1992). Hence, in order for the appellant to be entitled to an evidentiary hearing on whether his counsel was ineffective on the basis alleged, he had to allege facts, not

conclusions, specifying the grounds on which the motion to suppress would have been successful. *See Edgar v. State,* 145 S.W.3d 458, 461–62 (Mo.App.2004) (holding that, in the context of an ineffective assistance claim for counsel's failure to challenge a venireperson for cause, the appellant had to show that had his counsel challenged that venireperson for cause, there was a reasonable probability that person would have been stricken). Thus, the appellant had to allege facts in his motion that demonstrated the illegality of his arrest and the subsequent seizure, which he did not do.

In his initial *pro se* motion and amended motion, the appellant did not allege facts demonstrating how a motion to suppress would have been successful. In fact, the appellant did not allege any facts with respect to a motion to suppress, aside from the allegation that his counsel did not subpoena anyone to testify at a motion to suppress hearing. In that regard, the appellant alleged in his initial *pro se* motion that:

> I have a letter where my lawyer tells me "he finds no case in point to support our position," "the country jury wouldn't need much convincing to convict me," "he urged me to take the plea," he threatened me that "I would be convicted of a Class B Felony wich [sic] carries 5 to 15 where I'd serve the majority of [the sentence]," and he *didn't* sobpeona [sic] witnesses to my motion to supress [sic] hearing or object to prosecutor questions like he should have.

In his amended motion,[3] he simply reiterated his claim that his counsel did not subpoena any witnesses for a motion to suppress hearing, that his counsel told him

**3.** We assume the appellant's second motion is an amended motion, but it is not labeled as such.

that he did not think there would be any merit in making a motion to suppress, and that his counsel urged him to plead guilty because he was facing a "country" jury, which would likely convict, so that he would be facing a sentence of five to fifteen years.

Point denied.

## Conclusion

The order of the motion court overruling the appellant's Rule 24.035 motion for post-conviction relief, without an evidentiary hearing, is affirmed.

ULRICH and SMART, JJ., concur.