**STATE of Missouri, Respondent,**

v.

**Benjamin BECKEMEYER, Appellant.**

No. ED 94412.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 15, 2011.

Benicia Baker–Livorsi, St. Charles, MO, for Appellant.

Kelly L. Kroeger, Warren County Assistant Prosecuting Attorney, Warrenton, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Benjamin Beckemeyer ("Defendant") appeals from the trial court's judgment and sentence after a bench trial for domestic assault. We affirm.

## I. BACKGROUND

Defendant and Jamie Beckemeyer ("Wife") were married on January 16, 2009. The honeymoon was exceedingly short; on the wedding night, Defendant and Wife had an altercation during which Defendant called wife names and allegedly grabbed Wife's thumb and bent it, forcing her to the ground. Defendant then allegedly grabbed Wife by her arms and threw her onto her back, sat on top of her, and pinned her to the ground.

Wife made a statement at the Warren County Sheriff's department. At that time, Deputy Kyle Bradbury ("Deputy Bradbury") observed a red mark near Wife's thumb.

Defendant was charged with misdemeanor domestic assault in the third degree. Defendant was tried before the trial court on January 20, 2010. The State's evidence consisted of the testimony of two witnesses, Wife and Deputy Bradbury. Defendant's evidence consisted of his own testimony. Defendant claimed that he acted in self defense.

The trial court found Defendant guilty of misdemeanor domestic assault in the third degree and sentenced Defendant to six months in Warren County jail. The trial court suspended the execution of the sentence and placed Defendant on probation for two years. Defendant appeals.

## II. DISCUSSION

In Defendant's first point on appeal, he argues that the trial court erred by proceeding to a bench trial allegedly without advising him of his right to a jury trial. We disagree.

In a misdemeanor case, a jury must be demanded; and if neither party demands a jury, the case may be tried to the trial court. Section 543.200 RSMo Cum Supp 2010. Here, neither the State nor Defendant requested the case be tried to a jury.

■ Further, there is no requirement that the waiver of a jury be made in open court or on the record in a misdemeanor case. That requirement applies only to felony cases. Mo. Sup.Ct. R. 27.01(b). Where a defendant in a misdemeanor case is present and represented by counsel ... and there was no request for a jury, his consent to be tried by the court is presumed. *State v. Belleville,* 362 S.W.2d 77, 80 (Mo.App.1962).

■ Defendant was present and represented by counsel. Neither the State, nor Defendant requested the case be tried to a jury. Point denied.

In Defendant's second point on appeal, Defendant argues that the trial court erred in considering matters outside of the record in determining Defendant's sentence by considering the victim impact statement when no such statement appears in the trial court file or on the record for sentencing. We disagree.

Defendant does not argue that victims do not have a right to make a statement. Rather, he argues that here the statement was an improper ex parte communication. However, as the trial court stated on the record, "a copy of [the victim impact statement] was provided to the defendant's attorney." Defendant's attorney made no objection to this statement. Because Defendant's attorney was provided with a copy of the victim impact statement we find that the statement was not an improper ex parte communication. Point denied.

■ In Defendant's next point on appeal, he argues that the trial court erred in convicting him, because there was insufficient credible evidence of a crime, in that Defendant's testimony regarding self-defense was not rebutted. We disagree.

■ This Court reviews the sufficiency of the evidence in the light most favorable to the finding of guilt. *State v. Belton*, 153 S.W.3d 307, 309 (Mo. banc 2005). This Court makes all reasonable inferences in support of that finding and disregards all evidence and inferences contrary to the finding. *Id.* Evidence is sufficient to support guilt if a reasonable inference supports guilt even if other "equally valid" inferences do not. *State v. Freeman*, 269 S.W.3d 422, 424–25 & n. 4 (Mo. banc 2008). The credibility and weight to be given to testimony is a matter for the fact-finder to determine. *State v. Crawford*, 68 S.W.3d 406, 408 (Mo. banc 2002). The fact-finder may believe all, some, or none of the testimony of any witness. *Id.*

Defendant argues that the State did not sufficiently rebut Defendant's claim of self-defense when it did not recall witnesses to rebut Defendant's testimony. However, the trial court specifically found Wife's testimony to be more credible than Defendant's testimony. On direct examination, Wife stated that she did not initiate any physical contact with Defendant, but rather that Defendant grabbed her thumb, bent it and forced her down to her knees. Further, on direct examination, Deputy Bradbury testified that Wife had a mark on her thumb when she made her statement to law enforcement. In addition, Deputy Bradbury testified, without objection, that Wife's daughter made a statement to Deputy Bradbury that was consistent with Wife's statement. Therefore, we find that there was sufficient evidence to rebut Defendant's claim of self-defense

without the State needing to call rebuttal witnesses. Point denied.

■ In Defendant's final point on appeal, he argues that the trial court erred in failing sua sponte to declare a mistrial for ineffective assistance of counsel for failing to call a necessary witness, Defendant's child. We disagree.

■■ Generally, counsel's decision not to call a witness to testify is presumptively a matter of trial strategy and is not a basis for an ineffective assistance of counsel claim. *Kuhlenberg v. State*, 54 S.W.3d 705, 707 (Mo.App. E.D.2001). Further:

"In order for [Defendant] to establish that counsel was ineffective for not calling a witness to testify, [Defendant] must show that 'his attorney's failure to call the witness was something other than reasonable trial strategy; that the witness could have been located through reasonable investigation; that the witness would have testified if called; and that the witness's testimony would have provided the [Defendant] with a viable defense."

*Id.* (quoting *State v. Miller*, 981 S.W.2d 623, 633–634 (Mo.App. W.D.1998)).

Further, in order to prevail on a claim of ineffective assistance of counsel, Defendant must demonstrate that: (a) his trial counsel failed to exercise the customary skill and diligence a reasonably competent attorney would have under similar circumstances; and (b) Defendant was thereby prejudiced. *Melton v. State*, 260 S.W.3d 882, 885 (Mo.App. E.D.2008).

"Defendant has failed to show he was prejudiced by counsel's not calling a witness. When told by trial counsel that Defendant wanted to call his child, and understanding substantially what the child would have testified, the trial court stated, 'What really mattered to me in the case was the actual assault part, not

whether this person's inconsistent statement or this person's inconsistent statement. Because I think there were inconsistencies on both sides. I viewed the case under all the circumstances and found him guilty, and I don't see there's grounds for a new trial.' "

The trial court stated that the inconsistency that the child's testimony would have pointed out, whether or not the altercation was in front of the children, would not have changed the guilty judgment. Therefore, Defendant was not prejudiced by trial counsel failing to call the child.

Further, as supported by the record, Defendant did not tell trial counsel that he wanted to call his child until after the judge found him guilty. Counsel cannot be found to have erred in failing to call a witness that Defendant did not ask her to call prior to the conclusion of trial. Point denied.

### III. CONCLUSION

The judgment of the trial court is affirmed.

KENNETH M. ROMINES, J., and JOHN BERKEMEYER, Sp.J., concur.