

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED101235 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the City of St. Louis |
| vs. | ) | Circuit Court |
| | ) | |
| LEONARD DAVIE, | ) | Honorable Jimmie M. Edwards |
| | ) | |
| Appellant. | ) | Filed: April 7, 2015 |

### Introduction

Leonard Davie (Defendant) appeals the trial court's judgment, entered after a bench trial, finding him guilty of one count of felony drug possession. On appeal, Defendant claims the trial court erred by denying his motion to suppress evidence and overruling his objections to the admission of certain evidence at trial. We affirm.

### Factual Background

On August 13, 2013, St. Louis City police officers Carl Whittaker and his partner Hammad Ahmad received an anonymous tip regarding a suspicious vehicle parked in an alley. Upon arriving at the alley, the officers found a black SUV occupied by Defendant, who was sitting in the front seat with his feet facing outward. Suspecting that Defendant was violating a city ordinance prohibiting parking in alleyways for an extended period of time, the officers

exited their vehicle and approached the SUV. Defendant exited the SUV and started to walk away. The officers ordered Defendant to stop and get back into his vehicle, informing Defendant that he was not free to leave. They asked Defendant for his identification and ran his name through the Regional Justice Information Service (REJIS) system, which revealed Defendant had a parole violation, fugitive warrants for failure to appear, and a wanted card. The officers placed Defendant under arrest and informed him of his *Miranda* rights. Officer Whittaker searched Defendant's person and found a small bag containing what he believed to be narcotics in Defendant's pocket. Officer Whittaker then informed Defendant of the additional reason for his arrest and read Defendant his *Miranda* rights again. Defendant told the officer that the substance found in his pocket was heroin. Officer Whittaker sent the substance to the City of St. Louis Laboratory Division, where an examiner performed several analytical tests and determined that the substance was in fact heroin.

Defendant was charged with the class C felony of one count of possession of a controlled substance. Prior to trial, Defendant's counsel filed a motion to suppress evidence, arguing that the State's evidence was obtained in violation of Defendant's Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Defendant waived his right to a jury trial and requested a bench trial. At trial, defense counsel objected to the admission of the heroin, the lab report, Defendant's statements to the police, and Officer Whittaker's testimony regarding the seizure. At the close of the State's case, Defendant moved for a judgment of acquittal. Both Defendant's motion to suppress and motion for judgment of acquittal were denied. The trial court found Defendant guilty of possession of a controlled substance, and Defendant was sentenced to six years' imprisonment. This appeal followed.

**Standard of Review**

Appellate review of the denial of a motion to suppress is limited to a determination of "whether the decision is supported by substantial evidence, and it will be reversed only if clearly erroneous." *State v. Lovelady*, 432 S.W.3d 187, 190 (Mo. banc 2014). The trial court's ruling is clearly erroneous if, after a review of the entire record, this Court is left with a definite and firm impression that a mistake was made. *State v. Cook*, 273 S.W.3d 562, 567 (Mo. App. E.D. 2008). We defer to the trial court's credibility determinations and findings of fact. *State v. Goff*, 129 S.W.3d 857, 862 (Mo. banc 2004). Whether reasonable suspicion existed is a question of law which this Court reviews *de novo*. *State v. Norfolk*, 366 S.W.3d 528, 534 (Mo. banc 2012).

**Discussion**

In his sole point on appeal, Defendant contends that the trial court erred in denying his motion to suppress and in overruling his objections to the admission of the evidence at trial, because the evidence was the result of an unlawful search and seizure. Defendant argues that the officers did not have the necessary reasonable suspicion under *Terry v. Ohio*[1] in order to seize Defendant and the evidence should have been suppressed as fruit of the poisonous tree. We disagree.

The United States Constitution[2] and the Missouri Constitution protect citizens against unreasonable searches and seizures. U.S. CONST. amend. IV; MO. CONST. art. I, § 15. Both constitutional provisions afford the same protections and therefore the analysis is the same under each. *State v. Grayson*, 336 S.W.3d 138, 143 n. 2 (Mo. banc 2011). Searches and seizures conducted without warrants are unreasonable and therefore presumptively invalid. *State v. Waldrup*, 331 S.W.3d 668, 672 (Mo. banc 2011). However, an exception to the warrant

---

[1] 392 U.S. 1 (1968).

[2] The Fourth Amendment of the United States Constitution has been incorporated through the Fourteenth Amendment's Due Process Clause and applies to the states. *See Wolf v. Colorado*, 338 U.S. 25 (1949).

3

requirement exists under *Terry v. Ohio*, which allows officers to briefly stop a citizen in order to investigate potential illegal activity. 392 U.S. 1, 22 (1968). A person is seized "whenever a police officer accosts an individual and restrains his freedom to walk away." *Id.* at 16. In order to justify a *Terry* stop, the officer must "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21. Accordingly, a search and seizure under *Terry* is not justified by "inchoate and unparticularized suspicion or 'hunch.'" *Id.* at 27. Further, the stop must be reasonable in its scope. *Id.* at 20. Therefore, the analysis under *Terry* requires this Court to ask two questions: 1) was the stop reasonable in its inception; and 2) was the stop reasonable in its scope? *Id.* at 27-28.

First, we must address whether the officers had reasonable suspicion to seize Defendant. It is undisputed that Defendant was seized at the time the officers told him to stay in his car and that he was not free to leave. Defendant argues that the officers did not have reasonable suspicion to stop him at that point because the officers were acting only under the information provided to them in the anonymous tip, specifically that there was a suspicious vehicle in the alleyway. Generally, an anonymous tip alone is insufficient to establish the required reasonable suspicion for a *Terry* stop. *State v. Weddle*, 18 S.W.3d 389, 393 (Mo. App. E.D. 2000). Nonetheless, an anonymous tip may be considered in the totality of the circumstances that amounts to reasonable suspicion. *State v. Stevens*, 845 S.W.3d 124, 129 (Mo. App. E.D. 1993). In this case, Officer Whittaker testified that after receiving the anonymous tip, he and his partner went to investigate the vehicle because of the ordinance prohibiting parking in alleyways for an extended period of time. Officer Whittaker also testified that when he began approaching the SUV, Defendant exited the vehicle and being unsure of where Defendant was headed, he told

4

Defendant to stop. These facts, including the anonymous tip, gave the officers reasonable suspicion to seize Defendant.

Most importantly, the officers were aware of the city ordinance that prohibited parking in alleyways, and Defendant was in fact parked in an alleyway. Contrary to Defendant's assertion, it was unnecessary for Officer Whittaker to know how long Defendant's vehicle had been parked in the alley. This is because a *Terry* stop does not require that the officer know conclusively that the person committed or is committing a crime. To the contrary, the underlying purpose of a *Terry* stop is to investigate in order to determine if criminal conduct is occurring. Here, Officer Whittaker personally observed Defendant parked in the alley. This is a specific and articulable fact that warranted an investigation into whether Defendant was violating the city ordinance. Under *Terry*, Officer Whittaker was well within the confines of the Fourth Amendment when he stopped Defendant "for purposes of investigating possibly criminal behavior." 392 U.S. at 22. The anonymous tip and Defendant's furtive movements merely bolstered the reasonable suspicion. To find otherwise would require Officer Whittaker to have probable cause to detain Defendant, which is not required under *Terry*.

We next address whether the scope of the seizure was reasonable. After stopping Defendant and asking for his identification, Officer Whittaker and his partner ran Defendant's name through the computer system and found that he had outstanding warrants. Running a defendant's name through the REJIS system is permissible and within the scope of a *Terry* stop. *See Waldrup*, 331 S.W.3d at 675 (citing *Klaucke v. Daily*, 595 F.3d 20 (1st Cir. 2010)); *U.S. v. Long*, 532 F.3d 791, 795 (8th Cir. 2008) (stating that a *Terry* stop may be extended for the time it takes the officer to run a criminal background check). The scope of Officer Whittaker's stop of Defendant was reasonable.

Moreover, upon discovering that Defendant had outstanding warrants, the officers were entitled to arrest Defendant and perform a search incident to arrest. *Waldrup*, 331 S.W.3d at 676 (citing *Arizona v. Gant*, 556 U.S. 332, 339 (2009)). A search incident to arrest permits officers to search the arrestee's person as well as the area in the arrestee's immediate control in order to find weapons or other "destructible evidence." *Id.* Here, Officer Whittaker arrested Defendant pursuant to a warrant for his arrest and searched Defendant pursuant to the search incident to arrest exception to the warrant requirement. The officers' actions were therefore permissible under the Fourth Amendment. Because the officers had reasonable suspicion to undertake an investigatory *Terry* stop, the evidence they found as a result of the stop was admissible at trial. Therefore, the trial court did not err by admitting the challenged evidence at trial.

## Conclusion

For the foregoing reasons, the trial court did not err in denying Defendant's motion to suppress the evidence or overruling his objections at trial. The judgment is affirmed.

_____
Philip M. Hess, Judge

Sherri B. Sullivan, P.J. and
Mary K. Hoff, J. concur.

6