KURT S. ODENWALD, Presiding Judge
Introduction
Appellant Teresa Stragliati ("Stragliati") appeals from the motion court's judgment denying her Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. Stragliati argues she was entitled to both an evidentiary hearing and post-conviction relief because she alleged facts, not refuted by the record, showing plea counsel was ineffective in failing to file a motion to suppress the drug evidence seized incident to her arrest. We hold Stragliati was not entitled to evidentiary hearing or post-conviction relief because she failed to demonstrate how a motion to suppress would have been successful, given that the initial interaction with police officers was a consensual encounter outside the scope of the Fourth Amendment. Therefore, we affirm the judgment of the motion court.
Factual and Procedural History
As St. Louis Metropolitan Police officers were patrolling an area associated with a high rate of prostitution, drug sales, and robberies, they pulled over to speak with Stragliati and another individual, who were standing on a street corner. The officers asked for Stragliati's pedigree information, which she provided. The officers ran Stragliati's information through the computer system and discovered active warrants for Stragliati's arrest relating to a forgery. The officers placed Stragliati under arrest and conducted a search incident to arrest. Inside a briefcase Stragliati carried, the officers found a glass tube commonly recognized as a smoking device for narcotics. The officers seized the glass tube, which a laboratory test later revealed had cocaine base residue.
The State charged Stragliati with felony possession of a controlled substance and misdemeanor possession of drug paraphernalia, Stragliati pleaded guilty to both charges, and the sentencing court granted a suspended imposition of sentence and placed her on probation. After violating her probation by unlawful drug use, the sentencing court sentenced Stragliati as a prior and persistent offender-based on prior felony convictions for forgery and third-degree promoting prostitution-to fifteen years in prison.
Stragliati filed her pro se Rule 24.035 motion and later timely filed an amended motion in which she challenged plea counsel's decision not to move to suppress the *664 drug evidence. The motion court denied Stragliati's motion for post-conviction relief without an evidentiary hearing, finding nothing improper in the encounter between the police officers and Stragliati. Stragliati now appeals.
Point on Appeal
In her sole point on appeal, Stragliati argues the motion court erred in denying her Rule 24.035 motion without an evidentiary hearing because had plea counsel moved to suppress the trace amount of cocaine base and paraphernalia, she would not have pleaded guilty but instead insisted on a trial.
Standard of Review
We review the denial of a Rule 24.035 motion for post-conviction relief under the "clearly erroneous" standard. Rule 24.035(k); Ross v. State, 335 S.W.3d 479, 480 (Mo. banc 2011). The motion court's findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with a definite and firm impression a mistake was made. Ross, 335 S.W.3d at 480. "The burden of showing that the motion court clearly erred is on the movant." Coon v. State, 504 S.W.3d 888, 890 (Mo. App. W.D. 2016). We read the record "in the light most favorable to the motion court's judgment ... disregarding evidence and inferences that are contrary to the judgment." Spicher v. State, 547 S.W.3d 579, 583 (Mo. App. S.D. 2018). We review Fourth Amendment questions of law de novo. State v. Johnson, 427 S.W.3d 867, 871-72 (Mo. App. E.D. 2014).
Discussion
To be entitled to an evidentiary hearing on a claim for ineffective assistance of counsel, a movant must meet the two-prong Strickland standard by alleging facts, unrefuted by the record, showing: (1) plea "counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney," and (2) movant "was thereby prejudiced." Whitt v. State, 366 S.W.3d 669, 673 (Mo. App. E.D. 2012) ; see Rule 24.035(h); Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Regarding the first prong, a movant must overcome the strong presumption that plea counsel's performance was reasonable. Whitt, 366 S.W.3d at 673. To meet the second prong, a movant who pleaded guilty must demonstrate a reasonable probability that, but for plea counsel's errors, he would not have pleaded guilty but would have proceeded to trial. Eddy v. State, 176 S.W.3d 214, 217 (Mo. App. W.D. 2005). If the movant fails to prove one prong of the Strickland standard, we need not consider the other. Id.
Plea counsel's failure to file a motion to suppress does not establish ineffective assistance of counsel when the motion lacks factual and legal support. Smith v. State, 789 S.W.2d 172, 173 (Mo. App. E.D. 1990). Indeed, "[c]ounsel will not be found to be ineffective for failing to investigate and file a meritless motion to suppress." Eddy, 176 S.W.3d at 218 (citing State v. Hunter, 840 S.W.2d 850, 870 (Mo. banc 1992) ). We find motions to suppress evidence seized incident to arrest meritorious only if the movant alleges a cognizable violation of his right to be free from unreasonable searches and seizures. U.S. Const. amend. IV ; Mo. Const. art. I, sec. 15 ; see State v. Deck, 994 S.W.2d 527, 534 (Mo. banc 1999).
Given the Strickland standard, Stragliati must prove that plea counsel was ineffective in failing to move to suppress the cocaine base and paraphernalia found incident to her arrest. Further, to be entitled to an evidentiary hearing, the record must show that Stragliati alleged unrefuted facts, not conclusions, specifying the grounds on which the motion to suppress *665 would have been successful. Shumate v. State, 515 S.W.3d 824, 829 (Mo. App. W.D. 2017). We thus examine the record for whether the motion court clearly erred in concluding that the motion to suppress was meritless. Harris v. State, 475 S.W.3d 227, 230 (Mo. App. W.D. 2015), Because Stragliati has not alleged unrefuted facts that the police officers performed an unlawful stop, her point fails.
Not all police officer interactions come within the purview of the Fourth Amendment. State v. Wood, 218 S.W.3d 596, 602 (Mo. App. S.D. 2007). We categorize police officer encounters as either: "(1) an arrest which requires probable cause; (2) an investigative detention which requires only reasonable suspicion based on specific and articulable facts; [or] (3) a consensual police/citizen encounter, characterized by voluntary cooperation of a citizen in response to non-coercive questioning." State v. Faulkner, 103 S.W.3d 346, 355 (Mo. App. S.D. 2003) (internal citation omitted). The record before us reflects that the initial interaction between Stragliati and the police officers was a consensual encounter. Notably, Stragliati fails to allege that she was not free to disregard the police officers. Nor does Stragliati aver that the police officers prevented her from leaving, displayed their weapons, or otherwise intimidated her into speaking with them. Stragliati was arrested only after the police officers discovered an active arrest warrant[2] , at which point the interaction no longer remained consensual.
In a consensual encounter, an officer may "question individuals, even without reasonable suspicion ... as long as a reasonable individual would feel free to leave and end the conversation." Johnson, 427 S.W.3d at 872 (internal quotations omitted). This Court found a consensual encounter in a similar fact pattern in Johnson. There, police officers were driving in an area allegedly known for criminal activity when they stopped to conduct a field interview with the defendant. Id. at 871. This Court reasoned that the defendant "was free to disregard the officers and go about his business" and the defendant "made no attempt to leave and neither officer blocked [the defendant's] path, drew their weapons, or intimidated [the defendant] into answering their initial questions." Id. at 872. When police officers simply ask an individual to speak with them, the interaction is "clearly the sort of consensual encounter that implicates no Fourth Amendment interest." Florida v. Rodriguez, 469 U.S. 1, 5-6, 105 S.Ct. 308, 83 L.Ed.2d 165 (1984). Because "[c]onsensual communications between an officer and a citizen involv[e] no coercion or restraint of liberty[,] [they] do not constitute seizures, and thus do not invoke Fourth Amendment protection." Wood, 218 S.W.3d at 603 (citing Faulkner, 103 S.W.3d at 355 ).
We acknowledge that a consensual encounter may escalate into a detention, also known as a Terry stop, if the officer restrains an individual's liberty such that a reasonable person would not feel free to end the encounter. State v. Daniels, 221 S.W.3d 438, 442 (Mo. App. S.D. 2007) (citing United States v. Mendenhall, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980) ;
*666 Terry v. Ohio, 392 U.S. 1, 19 n.16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) ). Thus, "[a] police-citizen encounter which is consensual in its inception may lose that characteristic later if the officers, by means of physical force or show of authority, in some way convey the message that compliance with their requests is required, in which event a seizure occurs triggering Fourth Amendment scrutiny." Faulkner, 103 S.W.3d at 355. We examine multiple factors to determine whether an individual has been seized, including: "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." State v. Carr, 441 S.W.3d 166, 170 (Mo. App. W.D. 2014).
Stragliati claims the police officers had no probable cause to stop her. Stragliati further posits the police officers lacked reasonable suspicion of criminal activity when they pulled over to talk to her, and therefore the officers' conduct was not justified as a Terry stop. Given the facts in the record before us, Stragliati confuses the standard required of her to adequately plead ineffective assistance of counsel premised upon plea counsel's failure to move for suppression of the evidence seized following her arrest. Critically, Stragliati does not allege facts in her amended motion suggesting that the initial encounter between she and the police officers was nonconsensual. Rather, Stragliati erroneously presumes that officers "stopping" to talk with her automatically constitutes a Terry stop. The record before us, however, shows the initial interaction between Stragliati and the police officers to be a field interview, and not a nonconsensual restraint required for a Terry stop analysis. In Johnson, this Court stated with respect to a field interview in a high-crime area that "[a] seizure does not occur simply because a police officer approaches an individual and asks a few questions." 427 S.W.3d at 872 (internal citation omitted). The United States Supreme Court in Terry declined to treat all encounters as stops, noting that "[o]nly when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." 392 U.S. at 19 n.16, 88 S.Ct. 1868.
Stragliati's amended motion for post-conviction relief does not refute the consensual nature of the interaction initiated by the police officers. Specifically, Stragliati does not plead facts stating she was in some manner detained against her will or was not otherwise free to walk away when the police officers approached her. Stragliati does not allege that the police officers prevented her from leaving or forced her to answer questions, Stragliati has pleaded a conclusion, not facts, that the police officers unlawfully stopped her. This characterization of the stop requires an inference that the officers' initial actions left Stragliati without any choice but to submit to the police officers' field interview. Again, the post-conviction pleadings filed by Stragliati in this matter do not allege such facts. See Spicher, 547 S.W.3d at 583 (noting that a reviewing court will not draw inferences contrary to the motion court's post-conviction relief findings).
Because the record before us aligns with the State's characterization of the initial interaction between Stragliati and the police officers as a consensual encounter, we do not reach the issue of whether the officers had reasonable suspicion to stop Stragliati. See Carr, 441 S.W.3d at 169-71 (holding that upon determining that the encounter was not a Terry stop, the court need not reach the issue of whether the officers had reasonable suspicion).
Stragliati's encounter did not implicate her Fourth Amendment right to be free from unreasonable search and seizure.
*667 Wood, 218 S.W.3d at 603 ("Consensual communications between an officer and a citizen involving no coercion or restraint of liberty do not constitute seizures, and thus do not invoke Fourth Amendment protection."). Only after the police officers learned of the outstanding arrest warrants for Stragliati, did they arrest her. The record shows that arrest was lawful. The officers' subsequent seizure of the drug evidence after Stragliati's arrest on the outstanding warrants was also lawful. State v. Davie, 460 S.W.3d 485, 489 (Mo. App. E.D. 2015). Therefore, a motion to suppress the drug evidence would have been meritless. A meritless motion cannot support a successful claim for ineffective assistance of counsel. Shumate, 515 S.W.3d at 830 ; Eddy, 176 S.W.3d at 218.
Because plea counsel was not ineffective for not filing a meritless motion, Stragliati has not met the performance prong of the Strickland standard. We therefore need not review the prejudice prong. Eddy, 176 S.W.3d at 217. We hold that because the record conclusively refutes Stragliati's point on appeal, Stragliati was not entitled to relief and the motion court did not clearly err in denying her Rule 24.035 motion without an evidentiary hearing. Point denied.
Conclusion
The judgment of the motion court is affirmed.
Gary M. Gaertner, Jr., J., concurs.
Colleen Dolan, J., concurs.

AH rule references are to Mo. R. Crim. P. (2015)

Stragliati also contends that the police officers' conduct was unreasonable because they arrested Stragliati on an extrajudicial warrant. Stragliati offers no case law in support of this position, and we are not persuaded that executing a warrant issued from St. Louis County in the City of St. Louis is a basis for considering the police officers' conduct to be unreasonable. An arrest warrant may be executed anywhere in the state of Missouri by any peace officer. Rule 22.06.