DOSTER, GUIN, JAMES, ULLOM, BENSON & MUNDORF, LLC, Respondent,

v.

Tim HAVERTY, Appellant.

No. ED 98175.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 6, 2012.

Tim S. Haverty, Overland Park, KS, pro se.

Jesse W. Ullom, Andrew Drazen (Co–Counsel), Chesterfield, MO, for respondent.

## OPINION

ANGELA T. QUIGLESS, Judge.

Tim Haverty (Haverty) appeals the trial court's order denying as moot his motion to vacate a consent judgment. We dismiss Haverty's appeal.

## I. BACKGROUND

Haverty was a member of Doster Guin James Ullom Benson & Mundorf, LLC (Law Firm), and brought GK1, LLC (GK1) in as a client. Law Firm filed the underlying lawsuit against GK1 for the collection of unpaid attorneys fees earned while Haverty was a member. Haverty then entered his appearance on behalf of GK1 in the lawsuit.

Haverty admitted in an email to a member of Law Firm that GK1 paid its attorney fees to him, but he deposited the money into his personal account and failed to give the funds to Law Firm. Haverty signed a consent judgment to pay Law Firm $10,000 to dismiss the claims against GK1. Haverty and Law Firm agreed the consent judgment would be filed June 7, 2011. On April 26, 2011, Law Firm voluntarily dismissed GK1 and added Haverty as a defendant.

Haverty filed an answer containing a counterclaim and request for a continuance through facsimile on June 6, 2011 at 5:16 pm and 5:18 pm, respectively. On June 7, 2011, Law Firm filed the previously executed consent judgment. The record on appeal reveals that the answer and counterclaim were not before the trial court at the time the consent judgment was filed, however, Haverty's answer was filed stamped June 7, 2011. Haverty filed a motion to vacate the consent judgment pursuant to Rule 75.01.[1] The motion to vacate was filed stamped July 8, 2011, however, the facsimile transmission verification report shows the facsimile was received July 7, 2011. The motion was heard and denied as moot in an order dated January 26, 2012, wherein the trial court concluded its jurisdiction ended in the case on July 7, 2011, prior to the filing and hearing of the motion to vacate as required pursuant to Rule 75.01. Further, the trial court ordered the consent judgment remain in full force and effect. This appeal follows.

## II. DISCUSSION

In his sole point on appeal, Haverty alleges the trial court erred in denying as moot his motion to vacate the consent judgment and finding that its jurisdiction ended July 7, 2011. Haverty contends the

---

1. All rule references are to Mo. R. Civ. P.2011, unless otherwise indicated.

consent judgment was not a final judgment as there was a pending counterclaim against Law Firm. We dismiss Haverty's appeal for lack of a final, appealable judgment pursuant to Rule 74.01(a).

"A prerequisite to appellate review is that there be a final judgment." *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995) (citing RSMo. Section 512.020).[2] Parties must appeal a written decree or order which has been signed by the trial judge and denominated a "judgment." *Jon E. Fuhrer Co. v. Gerhardt*, 955 S.W.2d 212, 213 (Mo.App. E.D.1997). If the order of the trial court was not a final judgment, this Court lacks jurisdiction and the appeal must be dismissed. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 852 (Mo. banc 1997). "An appealable judgment disposes of all issues in a case, leaving nothing for future determination." *Boley*, 905 S.W.2d at 88 (Mo. banc 1995). The legislature has defined a "judgment" as "the final determination of the right of the parties in an action." Section 511.020; *Hughes*, 950 S.W.2d at 853. Rule 74.01(a) defines what constitutes a judgment. The rule states:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.

Rule 74.01(a).

We find the order of the trial court was not a final judgment and dismiss this appeal. In this case, Haverty's counterclaim against Law Firm remained pending when the trial court entered the consent judgment on June 7, 2011. St. Louis County local rule 3.4(2) provides "a document received by facsimile transmission will be deemed filed as of the date and time recorded by the facsimile." Haverty's counterclaim was received by facsimile on June 6, 2011 at 5:16 pm. "Generally, when considering finality of judgment, if a counterclaim is pleaded, the trial court must make a finding that disposes of the counterclaim." *Columbia Mut. Ins. Co. v. Epstein*, 200 S.W.3d 547, 549 (Mo.App. E.D.2006) (dismissing an appeal for lack of a final, appealable judgment where the trial court's judgment did not dispose of a pending counterclaim). We find nothing in the record that disposes of Haverty's counterclaim. Therefore, we dismiss Haverty's appeal.

## III. CONCLUSION

Haverty's appeal is dismissed without prejudice for a lack of a final, appealable judgment.

ROBERT G. DOWD, JR., P.J. and ROBERT L. RICHTER, J., Concur.

---

**2.** All statutory references are to RSMo. (2011), unless otherwise indicated.