

# In the
# Missouri Court of Appeals
## Western District

LARRY E. JOHNSON,

          **Appellant,**

v.

STATE OF MISSOURI,

          **Respondent.**

WD76872

OPINION FILED:

November 18, 2014

**Appeal from the Circuit Court of Buchanan County, Missouri
The Honorable Patrick K. Robb, Judge**

Before Division Four: Alok Ahuja, C.J. Presiding, James Edward Welsh, and Gary D. Witt, JJ.

Larry E. Johnson appeals the circuit court's judgment denying his Rule 24.035 motion for post-conviction relief after an evidentiary hearing. Johnson pleaded guilty to the class B felony of driving while intoxicated. In this appeal, Johnson contends that his plea counsel was ineffective for failing to inform him that he would be subject to a 40 percent mandatory minimum prison term before becoming eligible for parole. Johnson claims that, but for counsel's failure to advise him of the 40 percent mandatory minimum, he would not have pleaded guilty but would have insisted on his constitutional right to a trial. We affirm the circuit court's judgment.

The state charged Johnson with driving while intoxicated as a chronic offender.[1]  On January 11, 2012,[2] Johnson pleaded guilty to the class B felony of driving while intoxicated and acknowledged that he had seven prior intoxicated-related traffic offenses.  At the plea hearing, Johnson assured the court that he understood the guilty plea petition, that he understood that he was pleading guilty to the class B felony of driving while intoxicated, and that he understood the rights he was giving up by pleading guilty.  Johnson acknowledged that the range of punishment for the offense was a minimum of five years in the Missouri Department of Corrections up to a maximum of 15 years in the Missouri Department of Corrections.  Johnson further assured the court that he understood that he could receive up to 15 years in the Department of Corrections with no probation.  Johnson agreed that no one had made any promises to get him to plead guilty. In asking about any promises, the court inquired of Johnson:

> [THE COURT]:  Has [your attorney] promised you or assured you that if you pled guilty to this charge you would receive probation or a particular sentence?
>
> [JOHNSON]:  No, sir.
>
> [THE COURT]:  Has anybody promised you that if you pled guilty to the charge you would receive probation or a particular sentence?
>
> [JOHNSON]:  No, sir.
>
> [THE COURT]:  Has [your attorney] or anybody else assured you that if you received a sentence of incarceration in the Department of Corrections that you would be released after serving a certain portion of that sentence?

---

[1]"A 'chronic offender' is:  . . . . A person who has pleaded guilty to or has been found guilty of four or more intoxication-related traffic offenses[.]  § 577.023.1(2)(a), RSMo Cum. Supp. 2013.  Any person who pleads guilty to or is found guilty of  driving while intoxicated pursuant to section 577.010, RSMo Cum. Supp. 2013, "who is alleged and proved to be a chronic offender shall be guilty of a class B felony."  § 577.023.5, RSMo Cum. Supp. 2013.

[2]Johnson attempted to plead guilty on January 6, 2012, but the circuit court rejected his plea due to Johnson's denial of his previous convictions.

[JOHNSON]: No, sir.

[THE COURT]: Has [your attorney] or anybody else made any promises or representations to you that you would be released on parole after serving a certain portion of any sentence you might receive?

[JOHNSON]: No, sir.

[THE COURT]: Has [your attorney] or anybody else made any promises or representation to you that you would be eligible for parole after serving a certain portion of your sentence?

[JOHNSON]: No, sir.

Johnson also assured the court that he was satisfied with the representation provided to him by his attorney and that there was nothing more that he wanted his attorney to do. Johnson admitted that, on May 12, 2011, he was operating a motor vehicle on US 169 Highway in Buchanan County while under the influence of alcohol and that his blood alcohol content was .17 percent. The circuit court accepted Johnson's guilty plea and sentenced Johnson to six years in the Missouri Department of Corrections.

Johnson timely filed a pro se motion for post-conviction relief. Thereafter, counsel was appointed, and counsel filed an amended motion for post-conviction relief. In the amended motion, Johnson alleged that his plea counsel was ineffective in failing to inform him that he would be subject to a 40 percent mandatory minimum sentence. Johnson further alleged that he was prejudiced by counsel's ineffectiveness because, had he known he would be subjected to a mandatory minimum of 40 percent of his sentence, he would not have pled guilty but would have insisted on his right to a jury trial. The circuit court held an evidentiary hearing, and the circuit court received into evidence the telephonic deposition of Johnson, which represented the testimony that Johnson would have provided at the evidentiary hearing. Johnson testified that, prior to pleading guilty, his plea counsel never told him that he would be required by statute to

3

serve a mandatory minimum of 40 percent of any sentence.  The circuit court denied Johnson's motion for post-conviction relief.  Johnson appeals.

Our review of the circuit court's ruling on a Rule 24.035 motion is limited to determining whether its findings and conclusions are clearly erroneous.  Rule 24.035(k).  Findings and conclusions are clearly erroneous only if we have a definite and firm impression that a mistake was made.  *Dobbins v. State*, 187 S.W.3d 865, 866 (Mo. banc 2006).  By pleading guilty, Johnson "waived any claim that counsel was ineffective except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made."  *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005).

To succeed on his claim of ineffective assistance of counsel, Johnson must demonstrate: "(1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney; and (2) that [Johnson] was thereby prejudiced."  *Haskett v. State,* 152 S.W.3d 906, 909 (Mo. App. 2005).  If Johnson fails to show either ineffective assistance or prejudice, we do not consider the other.  *Id.*

Johnson claims that his plea counsel rendered ineffective assistance of counsel by failing to inform him of "a significant and automatic consequence of pleading guilty--that he would be required to serve almost half of any sentence before . . . becoming eligible for parole."  In support of his contention, Johnson relies on case law that states that a defendant must be informed of all direct consequences of a guilty plea.  *Reynolds v. State*, 994 S.W.2d 944, 946 (Mo. banc 1999).  "Direct consequences are set forth in [Rule] 24.02(b) and include the nature of the charges, the maximum possible and mandatory minimum penalties, the right to be represented by an attorney, the right not to plead guilty, and the defendant's waiver of all trial rights if he pleads guilty."  *State v. Rasheed*, 340 S.W.3d 280, 284 (Mo. App. 2011) (citing Rule

4

24.02(b)(1)-(4)). "[D]irect consequences are ones that 'definitely, immediately, and largely automatically' follow the entry of a plea of guilty." *Id.* (citation omitted). A voluntary and intelligent plea "means . . . . that the defendant must enter the plea with knowledge of the direct consequences of the plea." *Reynolds*, 994 S.W.2d at 946. Although it is necessary to inform a defendant of all direct consequences of a guilty plea, plea counsel is not required to inform a defendant of collateral consequence. *Id.* Johnson contends that the 40 percent mandatory minimum sentence an inmate must serve before becoming eligible for release on parole under section 558.019.2(1)[3] meets the legal test for a "direct consequence" of a guilty plea.

"Missouri courts," however, "have consistently held that counsel has no obligation to inform a defendant of the parole consequences of his guilty plea." *Simmons v. State*, 432 S.W.3d 306, 308 (Mo. App. 2014) (citing *Reynolds*, 994 S.W.2d at 946; *Johnson v. State*, 398 S.W.3d 513, 516-17 (Mo. App. 2013); *Smith v. State*, 353 S.W.3d 1, 3-4 (Mo. App. 2011); *Bryant v. State*, 316 S.W.3d 503, 510 (Mo. App. 2010)). "[P]arole eligibility is considered to be a 'collateral consequence' of a plea, about which counsel has no obligation to inform the defendant." *Simmons*, 432 S.W.3d at 308 (citing *Reynolds*, 994 S.W.2d at 946). "Because it is considered a collateral consequence, matters relating to parole eligibility do not affect the

---

[3]Section 558.019.2, RSMo Cum. Supp. 2013, provides in part:

Other provisions of the law to the contrary notwithstanding, any offender who has pleaded guilty to or has been found guilty of a felony other than a dangerous felony as defined in section 556.061 and is committed to the department of corrections shall be required to serve the following minimum prison terms:

    (1) If the offender has one previous prison commitment to the department of corrections for a felony offense, the minimum prison term which the offender must serve shall be forty percent of his or her sentence or until the offender attains seventy years of age, and has served at least thirty percent of the sentence imposed, whichever occurs first[.]

5

voluntariness of a guilty plea." *Simmons*, 432 S.W.3d at 308 (citing *Reynolds*, 994 S.W.2d at 946).

Johnson acknowledges that Missouri precedent does not require plea counsel to inform a defendant about the parole consequences of a guilty plea, but Johnson urges us to re-examine this precedent because he argues that the precedent "comes from a time when there were few, if any, statutory mandatory minimum sentences." As noted above, as recently as this year, Missouri courts have held that counsel is not required to inform the defendant about the parole consequences of his guilty plea, even though the parole guidelines appear to be an immediate and largely automatic consequence of pleading guilty. *Simmons*, 432 S.W.3d at 308. *See also Johnson*, 398 S.W.3d at 516-17, and *Smith*, 353 S.W.3d at 3-4.

Johnson further contends that the United States Supreme Court has expanded the duty of counsel to inform a defendant about the consequences of a guilty plea in *Padilla v. Kentucky*, 559 U.S. 356 (2010). In *Padilla*, the United States Supreme Court held that plea counsel has an affirmative duty to inform a defendant about the deportation consequences of his guilty plea when the immigration consequences are clear. *Id*. at 369. Recent Missouri cases, however, have "declined to expand *Padilla's* reasoning beyond the deportation context into parole matters." *Simmons*, 432 S.W.3d at 310 (citing *Webb v. State*, 334 S.W.3d 126, 128-29 (Mo. banc 2011);[4]

_____

[4]A year after *Padilla* was decided, the Missouri Supreme Court revisited the distinction between direct and collateral consequences resulting from a guilty plea in *Webb v. State*, 334 S.W.3d 126 (2011). In *Webb*, the defendant alleged in his Rule 24.035 motion that his plea counsel erroneously advised him that he would not be subject to the law requiring him to serve 85 percent of his sentence before becoming eligible for parole but that he would be required to serve 40 percent of his sentence without parole eligibility. *Id*. at 128. The *Webb* court held that "where counsel misinforms the client as to the effects of the client's plea, the counsel has rendered ineffective representation." *Id*. at 127. The *Webb* court, therefore, found that the defendant was entitled to an evidentiary hearing to establish whether he was prejudiced by his plea counsel's erroneous advice. *Id*. at 131. In recognizing a distinction between the failure to inform a defendant about the consequences of a plea and misinforming a defendant about the consequences of a plea, "the *Webb* court did not overturn existing case law holding that parole eligibility is a collateral matter that does not affect the voluntariness of a guilty plea." *Simmons*, 432 S.W.3d at 309 (citing *Smith*, 353 S.W.3d at 5). We note that in his amended motion Johnson alleged that his plea counsel misinformed

6

*Johnson*, 398 S.W.3d at 518; and *Smith*, 353 S.W.3d at 5.); *see also Burgess v. State*, 2014 WL 707158 (Mo. App. 2014). These recent Missouri cases have also continued to hold that, "[u]nder existing case law, counsel has no obligation to advise a criminal defendant about the parole consequences of his guilty plea." *Simmons*, 432 S.W.3d at 310 (citing *Reynolds*, 994 S.W.2d at 946, and *Johnson*, 398 S.W.3d at 518); *see also Smith v. State*, 353 S.W.3d at 4.

Johnson's counsel was not ineffective for failing to advise Johnson that he would be subject to a 40 percent mandatory minimum prison term before becoming eligible for parole and the failure to do so did not render Johnson's guilty plea unknowing or involuntary. The circuit court, therefore, did not clearly err in denying Johnson's Rule 24.035 motion for post-conviction relief. We affirm the circuit court's judgment.

/s/ JAMES EDWARD WELSH
James Edward Welsh, Judge


Gary Witt, Judge, concurs.
Alok Ahuja, Chief Judge Presiding, writes a separate concurring opinion.

---

him that he would be required to serve a maximum of 15 percent of his sentence before becoming eligible for parole *and* that his plea counsel failed to inform him that he would be required to serve a mandatory minimum of 40 percent of his sentence. The circuit court found that Johnson's testimony at the evidentiary hearing was not credible and found that it was directly refuted by his own testimony at the plea hearings and sentencing hearing. On appeal, Johnson does not contend that his plea counsel misinformed him about the consequences of his plea. His only contention is that plea counsel failed to inform him that he would be subject to a 40 percent mandatory minimum prison term before becoming eligible for parole.



# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

LARRY E. JOHNSON,                    )
                                 **Appellant,**    )

                                                )

**v.**                                              )    **WD76872**

                                                )

**STATE OF MISSOURI,**                  )    **FILED:** November 18, 2014

                              **Respondent.**    )

## CONCURRING OPINION

I concur in Judge Welsh's opinion for the Court. Johnson claims that his attorney was ineffective, and that his guilty plea was involuntary, because counsel failed to advise him of the mandatory minimum prison term he would be required to serve before being eligible for parole pursuant to § 558.019.2(1), RSMo. His claim is directly contrary to the Missouri Supreme Court's decision in *Reynolds v. State*, 994 S.W.2d 944 (Mo. banc 1999), which held that neither the plea court, nor plea counsel, was constitutionally obligated to inform a defendant of the mandatory minimum prison term required by § 558.019.2(3), RSMo 1994 – a minimum-term provision which is functionally identical to § 558.019.2(1). *Id.* at 946-47.

Article V, § 2 of the Missouri Constitution provides that the Missouri Supreme Court's "decisions shall be controlling in all other courts." Thus, until *Reynolds'* holding on this federal constitutional issue is overruled by the Supreme Court of the United States or by the Missouri Supreme Court, it is binding on this Court.

Johnson argues, with some force, that the United States Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010), requires re-examination of prior Missouri decisions holding that plea counsel is not constitutionally required to advise a defendant that he or she will be required to serve a minimum term before becoming eligible for parole. *Padilla*'s interpretation of plea counsel's minimum obligations under the Sixth Amendment to the United States Constitution is undoubtedly relevant to *Reynolds'* continued validity. *Padilla* does not directly address, however, the issue presented here and in *Reynolds*: whether plea counsel is constitutionally ineffective where counsel fails to inform a defendant of the parole consequences of a guilty plea. Instead, *Padilla* involves the "unique" sanction of deportation as a result of a guilty plea, *id.* at 365, a consequence which *Padilla* states is "'the equivalent of banishment or exile.'" *Id.* at 373 (quoting *Delgadillo v. Carmichael*, 332 U.S. 388, 390-91 (1947)).

Because it involved a different, and "unique," consequence of a criminal conviction, *Padilla* does not directly control the disposition of this case. And in *Webb v. State*, 334 S.W.3d 126 (Mo. banc 2011), six members of the Missouri Supreme Court divided three-to-three concerning *Padilla*'s effect on claims that plea counsel was ineffective for misadvising, or failing to advise, a defendant concerning a mandatory minimum term of incarceration. *Id.* at 134-40 (Wolff, J., concurring); *id.* at 143-45 (Fischer, J., dissenting).[1] Given that *Padilla* does not address the precise question decided in *Reynolds*, and that the judges of the Missouri Supreme Court have expressed disagreement concerning *Padilla*'s application in this context, I believe this Court is obligated to continue to follow *Reynolds*, until the holding of that case is directly overruled or modified by the Supreme Court of the United States or the Missouri Supreme Court.

---

[1]    The Missouri Supreme Court's *per curiam* opinion in *Webb* concluded that, because reversal for an evidentiary hearing was required on other grounds, "[i]t is not necessary to consider whether *Padilla* applies to other consequences [of a guilty plea] such as parole eligibility." *Id.* at 131 n.8.

2

*Cf. Doe v. Roman Catholic Archdiocese of St. Louis*, 311 S.W.3d 818, 823 (Mo. App. E.D. 2010) (Court of Appeals would continue to follow a Missouri Supreme Court decision on an issue of federal constitutional law, absent a decision of the Supreme Court of the United States which "plainly conflicts with," or "directly question[s]," the Missouri Supreme Court decision).

/s/ALOK AHUJA
Alok Ahuja, Judge

3