

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| MICHAEL S. FEDERHOFER, | ) | No. ED101361 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Hon. Robert S. Cohen |
| STATE OF MISSOURI, | ) | |
| | ) | Filed: |
| Respondent. | ) | June 2, 2015 |

Michael Federhofer ("Movant") appeals from the judgment of the motion court denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Movant argues the motion court clearly erred in denying his motion without an evidentiary hearing because his plea counsel was ineffective for: (1) informing him he had to plead guilty to all of the charges if he wanted to plead guilty to any of the charges; and (2) failing to inform him of the option of entering an Alford[1] plea. We find the motion court's findings of fact and conclusions of law are not clearly erroneous and affirm.

Movant was pulled over and was being arrested for an outstanding warrant. When the police engaged him, he was uncooperative. A verbal confrontation escalated into a physical confrontation in which Movant struck a police officer. Movant later knowingly caused offensive physical contact with a security officer at St. Anthony's Hospital.

Movant was charged with resisting arrest, Section 575.150, RSMo 2000,[2] second-degree assault of a law enforcement officer, Section 565.082, driving while suspended, Section

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970).
[2] All further statutory references are to RSMo 2000, unless otherwise indicated.

302.321, and third-degree assault, Section 565.070. Movant pled guilty to the charges and was sentenced to four years of imprisonment for resisting arrest, seven years for second-degree assault, one year for driving while suspended, and fifteen days for third-degree assault.[3] All terms were to run concurrently.

Thereafter, Movant filed a pro se Rule 24.035 motion for post-conviction relief. The motion court appointed counsel, and an amended motion was filed. The motion court entered findings of fact and conclusions of law, denying Movant's motion without an evidentiary hearing. This appeal follows.

Before addressing the merits, we are compelled under Moore v. State to first examine the timeliness of amended motions in each post-conviction case on appeal, even if the issue is not raised by either party. 2015 WL 1735533 (Mo. banc April 14, 2015). If it is determined that an amended motion filed by appointed counsel is untimely, but there has been no independent inquiry into abandonment, then the case must be remanded to the motion court for such inquiry. Id. It is our duty to enforce the mandatory timelines in the post-conviction rules, but "the motion court is the appropriate forum to conduct such an inquiry" into abandonment. Id.

Rule 24.035(g) provides that where, as here, no appeal of the judgment sought to be vacated, set aside or corrected is taken, "the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." The court has authority to grant one thirty-day extension under Rule 24.035(g). In this case, counsel was appointed to represent the movant on October 21, 2013, and the transcript was filed on October 28, 2013. Therefore, the amended motion was due on December 27, 2013. Counsel filed her request for a thirty-day

---

[3]At the same hearing, Movant pleaded guilty to driving while intoxicated, leaving the scene of an accident, and driving while revoked, which were charged in a separate cause.

extension of time on January 9, 2014.[4] The State points out that this was filed after the initial sixty-day filing period and was therefore untimely and demonstrates abandonment by counsel. But the thirty-day extension of time was ultimately granted. Thus, *as long as the amended motion was ultimately filed within the extension period*, it is immaterial that the request for that extension was filed after the initial sixty-day period. Volner v. State, 253 S.W.3d 590, 592 (Mo. App. S.D. 2008) (approving of request filed five days after initial sixty-day time limit when request and amended motion were both filed "well within the thirty-day extension period"). Here, because the motion court granted the thirty-day extension, the amended motion was due and was timely filed on January 27, 2014.[5] Therefore, we proceed to the merits of the appeal.

Our review of a motion court's findings of fact and conclusions of law denying a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions are clearly erroneous. Rule 24.035(k); Worthington v. State, 166 S.W.3d 566, 572 (Mo. banc 2005). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, we are left with a definite and firm impression that a mistake has been made. Id. When reviewing a motion court's ruling, we presume the motion court's findings and conclusions are correct. Grace v. State, 313 S.W.3d 230, 232 (Mo. App. E.D. 2010). We defer to the motion court's determinations of credibility of the witnesses. Berry v. State, 225 S.W.3d 457, 462 (Mo. App. S.D. 2007).

---

[4]January 9, 2014 is the date entered on the docket sheet and the file-stamped date, although counsel states that she mailed the pleading on December 19, 2013, citing the certificate of service as evidence. We will not ignore the date of filing set forth on the docket sheet and the file stamp in favor of the date the document was served on the opposing party. See Bell-El v. State, (Mo. App. E.D. 2012) (using file-stamp and docket date over date judgment was signed in determining time for appeal). Regardless, the timeliness of this pleading turns out to be immaterial in this particular case.

[5]The ninetieth day from the date the transcript was filed was actually a Sunday, January 26, 2014, so the motion was due the next day. Rule 44.01(a). Also, although the file-stamp and docket entry show the amended motion was filed on January 28, 2014, it was actually faxed to the motion court on January 27, 2014 at 10:28 p.m.. The Twenty-First Judicial Circuit permits filing by fax, and "a document received by facsimile transmission will be deemed filed as of the date and time recorded by the facsimile." 21 CIR Local Rule 3.4(2); see also Rule 43.02(c). Thus, even if the document is not file-stamped and entered into the docket until the next day—as it was here because the fax was received after business hours—the date recorded by the fax controls. See Doster, Guin, James, Ullom, Benson & Mundorf, LLC v. Haverty, 388 S.W.3d 248, 250 (Mo. App. E.D. 2012) (answer and counterclaim faxed after 5pm on June 6, but file-stamped June 7, was deemed filed June 6).

To demonstrate ineffective assistance of counsel, a movant must establish counsel's performance was deficient and this deficiency prejudiced the defense. Morales v. State, 104 S.W.3d 432, 434 (Mo. App. E.D. 2003). To show prejudice where a movant entered a plea of guilty, a movant must prove that but for counsel's errors, he would not have pled guilty and would instead have insisted on proceeding to trial. Id. Following a guilty plea, the effectiveness of counsel is relevant only to the extent it affected whether or not the plea was made voluntarily and knowingly. Id.

A movant is entitled to an evidentiary hearing only if: (1) the movant pled facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant. Wharton v. State, 431 S.W.3d 1, 4 (Mo. App. E.D. 2014).

In his first point, Movant argues the motion court clearly erred in denying his motion without an evidentiary hearing because his plea counsel was ineffective for informing him he had to plead guilty to all of the charges if he wanted to plead guilty to any of the charges. We disagree.

Movant allegedly wanted to plead guilty to avoid a trial on his driving while intoxicated case, but did not want to plead guilty to the other charges. The motion court found Movant's claim that he had a mistaken belief that he had to plead guilty to all of the cases at once to avoid a trial on the driving while intoxicated case to be unreasonable. The motion court noted "[i]t goes against common sense that the Court would only accept a guilty plea on a case if a person pleaded guilty to all pending matters." Moreover, the motion court noted Movant did not allege his counsel made a positive representation to him on this matter. Movant merely states his counsel was not clear enough. The motion court stated it could not fault Movant's counsel for failing to make Movant understand a fairly clear point, and there was no reasonable basis in the record for Movant to have this belief.

4

In his amended motion, Movant states his counsel *failed to explain* he could plead guilty to some charges, but did not have to plead guilty to all charges. However, on appeal, Movant contends his counsel *affirmatively told* him he had to plead guilty to all of the charges or go to trial on all of the charges. Movant maintains that but for this statement by his counsel, he would not have pleaded guilty to assault of a law enforcement officer.

First, Movant's post-conviction claim on appeal is materially different from the claim in his motion. As a result, Movant has preserved nothing for appellate review and has waived this claim. Johnson v. State, 369 S.W.3d 87, 90 (Mo. App. W.D. 2012). Second, Movant's claim that he did not want to plead guilty to the charge of assault of a law enforcement officer is refuted by his second point on appeal in which he argues he wanted to enter an Alford plea to the charge of assault of a law enforcement officer. Thus, even if preserved, Movant's claim is refuted by the record and he is not entitled to an evidentiary hearing.

In addition, we note Movant has failed to show prejudice. To show prejudice in a guilty plea case, the movant must prove that, but for the errors of counsel, he or she would not have pleaded guilty and would have demanded a trial. Stanley v. State, 420 S.W.3d 532, 548 (Mo. banc 2014). Here, Movant alleges he still would have pleaded guilty, but the difference was that he would have done so pursuant to an Alford plea. Thus, Movant has failed to show how he was prejudiced.

Therefore, the motion court did not clearly err in denying his motion without an evidentiary hearing because his plea counsel was not ineffective. Point denied.

In his second point, Movant argues the motion court clearly erred in denying his motion without an evidentiary hearing because his plea counsel was ineffective for failing to inform him of the option of entering an Alford plea. We disagree.

Movant claimed his counsel should have told him about the possibility of proceeding with an Alford plea because counsel should have predicted that he would want to file a civil

5

claim against the law enforcement officers who allegedly injured him. Because Movant was not aware of the option of entering an Alford plea, he claimed he had to admit certain facts in his guilty plea, and these admissions were detrimental to the civil claim he wanted to file, causing him prejudice.

The motion court found Movant's counsel could not be held to be ineffective for failing to predict his client's future whims. In addition, although Movant's counsel could have asked the court to accept an Alford plea, there is no guarantee the court would have accepted it. Nothing Movant's counsel did prohibits him from pursuing future litigation. Further, Movant does not allege his counsel forced him to enter his plea or coerced him in any way. Movant admitted to the facts under oath and on the record. Lastly, Movant does not allege any positive representation was made to him by his counsel.

Direct consequences of a guilty plea are set forth in Rule 24.02(b) and include the nature of the charges, the maximum possible and mandatory minimum penalties, the right to be represented by an attorney, the right not to plead guilty, and the defendant's waiver of all trial rights if he pleads guilty. Johnson v. State, 451 S.W.3d 276, 279 (Mo. App. W.D. 2014). Direct consequences are ones that definitely, immediately, and largely automatically follow the entry of a plea of guilty. Id. A voluntary and intelligent plea means the defendant must enter the plea with knowledge of the direct consequences of the plea. Id. Although it is necessary to inform a defendant of all direct consequences of a guilty plea, plea counsel is not required to inform a defendant of collateral consequence. Id.

Here, the consequence about which Movant complains is that his ability to seek damages in a subsequent civil suit has been harmed because his counsel failed to inform him of the possibility of entering an Alford plea. This is a collateral consequence of entering a guilty plea. Movant's counsel cannot be expected to predict he will file a civil suit in the future. As a result,

this cannot be considered a consequence that definitely, immediately, largely, or automatically follows the entry of a guilty plea.

Therefore, the motion court did not clearly err in denying Movant's motion without an evidentiary hearing because his plea counsel was not ineffective. Point denied.

The motion court's denial of Movant's Rule 24.035 motion for post-conviction relief is affirmed.

ROBERT G. DOWD, JR., Judge

Kurt S. Odenwald, P. J. and
Gary M. Gaertner, Jr., J., concur.