Argued and submitted May 30, 2014, affirmed July 8, petition for review denied November 12, 2015 (358 Or 248)

## STATE OF OREGON,
*Plaintiff-Respondent,*

v.

## AUSTIN TYREL HOLLAND,
*Defendant-Appellant.*

### Marion County Circuit Court
11C47283; A151868

355 P3d 194

Zachary Lovett Mazer, Deputy Public Pefender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Michael J. Slauson, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

Defendant appeals judgments convicting him of 20 counts of first-degree encouraging child sexual abuse, ORS 163.684 (2009), *amended by* Or Laws 2011, ch 515, § 3, based on child pornography files that the police discovered on his computer.[1] He contends in his first assignment of error that the trial court erred in denying his motion to suppress evidence that the police had obtained "utiliz[ing] a computer program that constantly searches peer-to-peer computer networks for suspected child pornography, logs any computers that respond, and logs and geolocates the IP [Internet Protocol] addresses of those computers and * * * other software to isolate defendant's IP address and download child pornography from his computer." Defendant contends that those actions amounted to a search in violation of Article I, section 9, of the Oregon Constitution.[2] Defendant also assigns error to the trial court's denial of his motion for judgment of acquittal (MJOA) on all charges "on the grounds that downloading files on the internet does not constitute duplication within the meaning of ORS 163.684." As explained below, both of defendant's assignments of error are foreclosed by recent decisions of this court. *See State v. Combest*, 271 Or App 38, 350 P3d 222 (2015); *State v. Pugh*, 255 Or App 357, 297 P3d 27, *rev den*, 353 Or 748 (2013).[3]

---

[1] ORS 163.864 (2009), in effect when defendant committed his offenses, provided:

"(1) A person commits the crime of encouraging child sexual abuse in the first degree if the person:

"(a)(A) *Knowingly* develops, *duplicates,* publishes, prints, disseminates, exchanges, displays, finances, attempts to finance or sells any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child or possesses such matter with the intent to develop, duplicate, publish, print, disseminate, exchange, display or sell it[.]

"* * * * *

"(2) Encouraging child sexual abuse in the first degree is a Class B felony."

(Emphasis added.)

[2] Article I, section 9, provides, in part, "No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure[.]"

[3] Defendant initially raised an additional assignment of error, namely, that the court erred in denying defendant's MJOA on the ground that the state had failed to prove venue. Defendant has since withdrawn that assignment of error.

A detailed description of the facts is unnecessary. Briefly, defendant was charged with 20 counts of first-degree encouraging child sexual abuse; each count alleged that, during a specified time period, defendant "did unlawfully and knowingly duplicate a visual recording of sexually explicit conduct involving a child while knowing that creation of the visual recording of sexually explicit conduct involved child abuse." Those charges derived from 13 files containing child pornography that defendant had made available on the Gnutella peer-to-peer file-sharing network and that the police, using computer software, including programs called Peer Spectre and Shareaza LE, were able to locate and download from defendant's computer. Using that information, the police obtained a search warrant authorizing the search of defendant's home and his computers, and, in executing the warrant, the police obtained additional incriminating information. Defendant moved to suppress the evidence, arguing that the manner in which the police had discovered it was a warrantless search in violation of Article I, section 9. The trial court denied the motion. At the close of the state's case, defendant moved for a judgment of acquittal on all counts, arguing that downloading child pornography files from the peer-to-peer network did not constitute "duplicat[ing]" those files within the meaning of ORS 163.684 (2009). The court denied that motion as well, and, following a bench trial, defendant was convicted of all counts. He appeals, challenging the court's denial of his motions.

Our recent decision in *Combest*, decided after this case was briefed and argued, controls the outcome of defendant's contention that the trial court erred in denying his suppression motion. Defendant argues that the officers engaged in a search violating Article I, section 9, when they

> "utilized proprietary law enforcement computer software that is not available to the general public to engage in a sweeping exploration of online activity, enter that activity into a database that permits them to zero in on a specific computer user in a specific place at a specific time, and investigate the content of an individual computer user's shared files."

That was also the issue in *Combest*. There, we considered whether "the officers' use of Shareaza LE to seek out and download files from defendant on a peer-to-peer network—and to obtain the IP address, GUID [Globally Unique Identifier], and hash value associated with those files—invaded defendant's protected privacy interest and was thus 'sufficiently intrusive to be classified as a search'" under Article I, section 9. *Combest*, 271 Or App at 48 (quoting *State v. Wacker*, 317 Or 419, 425, 856 P2d 1029 (1993)).[4]

We concluded in *Combest* that the police conduct did not constitute a search under Article I, section 9, reasoning that the information that the police were able to obtain using the software was "the same information that was available to any other user of the network" and "[t]he police obtained that information by zeroing in on shared files that contained child pornography, not by engaging in all-encompassing surveillance of defendant's online activity." 271 Or App at 56. We also rejected the defendant's theory that, because Shareaza LE "made police practice more efficient," its warrantless use constituted a search. *Id.* at 55. That reasoning is equally compelling here. In short, we can perceive no meaningful legal distinction between the police activity here and that at issue in *Combest*. Consequently, as in *Combest*, we conclude that the police did not conduct a search under Article I, section 9, and the trial court did not err in denying defendant's suppression motion.

As mentioned, defendant also contends that the trial court erred in denying his MJOA because evidence that he downloaded files containing child pornography is not sufficient to establish that he "duplicated" them for purposes of ORS 163.684 (2009). Defendant essentially acknowledges that we decided this question contrary to his position in *Pugh* but argues that our construction of the statute was incorrect. We decline to revisit that issue. *See Pugh*, 255 Or App at 364 (holding that defendant knowingly "duplicated" child pornography when he downloaded such images from

---

[4] Although some of the specific software programs used by the police in this case to access, locate, and download files from defendant's computer may have been different from those used by the police in *Combest*, they operate the same way. For a detailed description of that process, see *Combest*, 271 Or App at 40-44.

the Internet, and noting that there is "no difference between creating a personal copy of child pornography through downloading from a peer-to-peer network and downloading from other independent sources on the Internet [because, in] both situations, the original image remains with the original owner, and a copy is saved onto the downloading party's computer").

Affirmed.