WALLIS, J.
Justin Frazier (“Appellant”) appeals the trial court’s denial of his motion to suppress evidence of child pornography discovered on his personal computer pursuant to a search warrant. We affirm the trial court’s denial, finding that a person who shares files over a peer-to-peer network has no expectation of privacy in those files. We write to provide clarification as to why the State did not violate Appellant’s Fourth Amendment rights by using Child Protection System software (“CPS software”) to obtain information to form the basis for its search warrant.
CPS software, developed by a company called TLO, automates the process law enforcement uses to search for persons sharing child pornography over peer-to-peer networks. When a user shares a file over a peer-to-peer network — in this case, the Gnutella network — any other user can enter keywords to search the network for that file. The user can then download the file directly from the sharer’s computer. Each file on the network contains an associated hash value, a unique combination of digital characters identifying the file in a manner more precise than the file name.
CPS software searches the peer-to-peer network using a predefined list of keywords and compares the responses with an online database of known child exploitation material. This database, managed by TLO, contains a list of over 300,000 file names and hash values that law enforcement officers have confirmed as being associated with files containing child pornography. CPS software narrows the responses to files shared from computers located only within the searching officer’s jurisdiction. CPS software does not infiltrate any computers when searching peer-to-peer networks for child exploitation material. Rather, the software gathers only public information made available by the user sharing files over the network, including the computer’s IP address. Law enforcement may subpoena the internet service provider for that particular IP address to determine to whom the address is registered and then use the information to form probable cause for a search warrant.
Numerous Fourth Amendment challenges to law enforcement’s use of CPS software have failed in the Federal Courts. CPS software does not “search any areas of [defendant’s] computer, download any files, or otherwise reveal any information ... unavailable to ordinary internet users.” United States v. Gabel, No. 10-60168, 2010 WL 3927697, at *7 (S.D.Fla. Sept. 16, 2010) (citation omitted). “CPS software merely automates the aggregation of public information — a task that could otherwise be performed manually by law enforcement, albeit at a slower and less efficient pace.” United States v. Thomas, 788 F.3d 345, 352 (2d Cir.2015) (footnote omitted). CPS software operates “simply as a sorting mechanism to prevent the government from having to sift, one by one, through [an individual’s] already pub-lically exposed files.” United States v. Borowy, 595 F.3d 1045, 1048 (9th Cir.2010) (footnote omitted). “So, even if CPS does collect information, it collects publicly available information, which does not run afoul of the Fourth Amendment.” United States v. Dennis, Crim. No. 3:13-CR-10-TCB, 2014 WL 1908734, at *2 (N.D.Ga. May 12, 2014) (citations omitted).
All reported state court decisions considering this issue have likewise held that law enforcement may use CPS software to obtain information to form probable cause for *1069 a search warrant without violating the defendant’s expectation of privacy. See State v. Dunham, 111 So.3d 1095, 1098 (La.Ct. App.2012); State v. Dziegiel, No. A-0009-12T4, 2018 WL 5447716, at *3 (N.J.Super.Ct.App.Div. Oct. 2, 2013); State v. Mahan, No. 95696, 2011 WL 4600044, at *7 (Ohio Ct.App. Oct. 6, 2011); State v. Holland, 272 Or.App. 211, 355 P.3d 194, 196 (2015); State v. Aguilar, 437 S.W.3d 889, 901 (Tenn.Crim.App.2013); State v. Roberts, 345 P.3d 1226, 1235 (Utah 2015).
Appellant takes the position that United States v. Ahrndt, Crim. No. 3:08-CR-00468-KI, 2013 WL 179326, at *2 (D.Or. Jan. 17, 2013), decided this precise Fourth Amendment challenge in his favor. Our review of Ahmdt reveals that the court addressed neither sharing files over a peer-to-peer network nor CPS software. Rather, Ahmdt specifically explained that it granted the defendant’s motion to suppress because the government produced “no evidence [defendant] was sharing files on the peer-to-peer network” and the folder was not “accessible over the internet by [peer-to-peer network] users at the time [the officer] accessed the files, or at any time prior.” Id. at *7. Importantly, in reaching this conclusion, the district court distinguished the case from United States v. Ganoe, 538 F.3d 1117 (9th Cir.2008). Ahrndt, 2013 WL 179326, at *7. In Ganoe, the Ninth Circuit held that the defendant lacked a reasonable expectation of privacy because “he knew or should have known that the folder into which he downloaded the files was accessible to others on the peer-to-peer network.” 538 F.3d at 1119. Therefore, Appellant’s reliance on Ahmdt is misplaced.
Moreover, Appellant quotes extensively to the facts in United States v. Thomas, No. 5:12-CR-37, 2013 WL 6000484, at *1 (D.Vt. Nov. 8, 2013), to explain how the CPS software functions. However, Appellant does not cite to the court’s holding, which stated, “Because there is no evidence that law enforcement’s use of automated software reached information on Defendants’ computers that was not made available for sharing by the public, Defendants’ motions to suppress on the basis of a warrantless search in violation of the Fourth Amendment must be DENIED.” Id. at *20.
Appellant fails to demonstrate why we should find, contrary to every other court to address this issue, that CPS software violates the Fourth Amendment. Appellant argues the “State’s reasoning appears to be that if the house is unlocked the police can secretly slip in without being invited.” However, as the Eighth Circuit explained, “[o]ne who gives his house keys to all of his friends who request them should not be surprised should some of them open the door without knocking.” United States v. Stults, 575 F.3d 834, 843 (8th Cir.2009). Appellant knew or should have known that sharing files over the Gnutella network would “allow the public at large to access files in his shared folder unless he took steps to avoid it.” Borowy, 595 F.3d at 1048. Accordingly, Appellant did not have a reasonable expectation of privacy in the files he shared over the Gnutella network. Because Appellant did not have a reasonable expectation of privacy in those files, the information gleaned from the CPS software did not constitute an illegal search, and, therefore, formed a valid basis for probable cause to issue a search warrant. For these reasons, the trial court correctly denied Appellant’s motion to suppress.
AFFIRMED.
LAMBERT and EDWARDS, JJ., concur.